# BURSOR & FISHER

P.A.

888 SEVENTH AVENUE
NEW YORK, NY 10019
www.bursor.com

PHILIP L. FRAIETTA
Tel: 646.837.7150
Fax: 212.989.9163
pfraietta@bursor.com

November 9, 2021

*Via ECF*

The Honorable Ronnie Abrams
The Honorable Edgardo Ramos
The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Anderson v. Hearst Communications, Inc.*, No. 21-cv-08895 (S.D.N.Y.)
        *Burke v. Hearst Communications, Inc.*, No. 21-cv-08994 (S.D.N.Y.)
        *Ramirez v. Hearst Communications, Inc.*, No. 21-cv-09109 (S.D.N.Y.)
        *Hicks v. Hearst Communications, Inc.*, No. 21-cv-09093 (S.D.N.Y.)

Dear Judge Abrams and Ronnie,

        I represent Plaintiff Tiffani Anderson ("Anderson") in *Anderson v. Hearst Communications, Inc.*, No. 21-cv-08895  (S.D.N.Y.), an interested party in the matters *Burke v. Hearst Communications, Inc.* No. 21-cv-08994 (S.D.N.Y.), *Ramirez v. Hearst Communications, Inc.*, No. 21-cv-09109 (S.D.N.Y.), and *Hicks v. Hearst Communications, Inc.*, No. 21-cv-09093 (S.D.N.Y.)  I respectfully write in response to the Letters in Opposition to Plaintiff Anderson's Statement of Relatedness, which argue that the *Anderson* action and *Burke*, *Ramirez*, and *Hicks* actions should not be related.  Notably, as of the date of this letter, *Hicks*, which involves analogous claims under Ohio's Right to Publicity Statute, Ohio Rev. Code § 2741, *et seq*. has already been related to this matter.

        *Anderson*, *Burke*, and *Ramirez* share the same factual basis, bring forth nearly the same statutory claims against the same defendant, and seek the same relief.  *Compare Anderson*, No. 21-cv-08895 (ECF No. 1) (hereinafter "Anderson Compl.") *with Burke*, No. 21-cv-08895 (ECF No. 1) (hereinafter "Burke Compl."); *Ramirez*, No. 21-cv-09109 (ECF No. 1) (hereinafter "Ramirez Compl.").  As stated in Plaintiff Anderson's Statement of Relatedness, the "cases are putative class actions on behalf of a class of magazine subscribers alleging that the defendant misappropriated their identities by selling, renting, and/or trading details about their identities including their names."  *Anderson*, No. 21-cv-08895 (ECF No. 5).  Additionally, the "cases bring a single cause of action under states that provide statutory damages to individuals whose names were misappropriated by a defendant who used their names on or in a product without their consent."  *Id.*  As a result, the "statutes will require the plaintiffs in both cases to prove largely

the same elements for the same transactions or occurrences." *Id.* Thus, under Rule 13 of the Court's Rules for the Division of Business Among District Judges, these cases should be related.

## I.    The cases are substantially similar

"In the Southern District of New York, Local Rule 13 of the Court's Rules for the Division of Business Among District Judges typically resolves issues related to relatedness and judicial economy." *Tera Group, Inc. v. Citigroup, Inc.*, 2019 WL 3457242 (S.D.N.Y. July 30, 2019). Rule 13, like all Division Rules, does not "vest any rights in litigants or their attorneys"; it is only used "for the internal management of the case load of the court[.]" Division Rules, Preamble. Under Rule 13, courts consider: "whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subject to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." Division Rules, R. 13(1)(A).

Burke and Ramirez first argue that Anderson fails to satisfy the first prong—"whether the actions concern the same or substantially similar parties"—because "[t]he parties are different", "[t]he statutes are different", and "[t]he relevant 'transactions or events' in each case are different." *Anderson*, No. 21-cv-08895 (ECF No. 8) at 2 (hereinafter "Ltr.").[1] Each argument is wrong.

The parties are substantially similar. Burke and Ramirez concede that both they and Anderson share "a common defendant". Ltr at 2. Burke and Ramirez suggest that this is insufficient because they and Anderson are "different plaintiffs," and they bring their claims "on behalf of distinct, non-overlapping classes of people." Ltr. at 2 (internal parenthetical omitted). But Burke and Ramirez leave this argument entirely unmoored from caselaw, ignoring authority from this District that counsels the opposite. *See Azzarmi v. Neubauer*, 2021 WL 1998749 (S.D.N.Y. May 19, 2021) (holding separate suits brought against different defendants were properly related because both "appear[] to stem from his employment at and termination from Delta Air Lines"). *Id.* at *1. Because Burke, Ramirez, and Anderson bring right to publicity claims against the same defendant for nearly identical conduct, this prong is easily met.

Burke and Ramirez also fail to explain how their second argument—that "the statutes are different"—is at all relevant to a prong that only examines whether "the actions concern the same or substantially similar parties, property, transactions or events". Division Rule, R. 13(a)(1). Even if it were relevant, the California, Alabama, and Puerto Rico right to publicity statutes are substantially similar. *Compare* Cal. Civ. Code § 3344(a) (proscribing any person from "knowingly us[ing] another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise or goods") *and* 32 L.R.P. § 3151 (proscribing any person from "us[ing] another's likeness for commercial, trade, or advertising purposes without the previous consent of said person") *with* Ala. Code § 6-5-772(a) (proscribing any person from "us[ing] or caus[ing] the use of the indicia of identity of a person, on or in products, goods,

---

[1] The *Ramirez* letter (ECF No. 10) is substantially similar.

merchandise, or services"); *see also* Ala. Code § 6-5-771(1) (defining indica of identity as including "name, signature, photograph, image, likeness, voice").

Burke's and Ramirez's third argument—that "[t]he relevant 'transactions or events' in each case are different"—is equally unpersuasive. *See* Ltr. at 2. Even a cursory glance at the complaints shows the transactions and events are the same. *Compare* Burke Compl. ¶ 1 (alleging Hearst wrongfully "sold and continues to sell subscriber mailing lists containing Plaintiff's and the other Class members' names and likeness, along with other highly sensitive personal information, to various parties on the open market, including to data miners, data aggregators … and various other third parties") *and* Ramirez Compl. ¶ 1 (alleging verbatim as Burke) *with* Anderson Complaint ¶ 3 (alleging Hearst wrongfully "sells the identities of its magazine subscription consumers to various third parties, including data miners, data aggregators … and/or list brokers among others"). Accordingly, notwithstanding their arguments, Burke's, Ramirez's, and Anderson's complaints share the same—or, at the least, substantially similar—parties, property, transactions or events.

## II.    There is Substantial Factual Overlap Between The Cases

Burke and Ramirez argue that Anderson fails to satisfy the second prong—whether "there is substantial factual overlap"—because the two cases are "brought by different consumers, on behalf of distinct classes of people, under different states' statutes, which impose different elements, exemptions, defenses and various other nuances." Ltr. at 2. This list can be boiled down to two contentions: the statutes are supposedly different and so too are the plaintiffs. Both are wrong.

Burke and Ramirez again leave unexplained how the supposed difference between statutes has any bearing on a prong that asks whether there is substantial *factual* overlap. Presumably Burke and Ramirez neglect to do so because the factual basis for their complaints are **identical** to the basis for Anderson's complaint. *Compare* Burke Compl. ¶¶ 2-4, 18-23 (alleging that Hearst "knowingly sell[s] mailing lists on which each of its subscribers is identified by name and likeness") *and* Ramirez ¶¶ 2-4, 17-22 (alleging verbatim as Burke) *with* Anderson Compl. ¶¶ 1-6, 19-23 (alleging that Hearst "rents, exchanges, and discloses" its Data Brokerage Products that contain Hearst consumers' "specific identities, including their full names, titles of magazine publications subscribed to, home addresses, and myriad other categories of individualized data such as each customer's gender, ethnicity, and religion"). Even if the statutory differences were relevant to this prong, courts have noted that the right to publicity statutes are substantially similar and raise nearly identical legal questions. *See, e.g.*, *Knapke v. PeopleConnect Inc.*, 2:21-cv-00262-MJP, at *5 (W.D. Wash. Aug. 10, 2021) (denying an MTD and observing that "[t]his outcome finds support from a similar case brought against Classmates that rejected a nearly identical argument under California law").

As to the purported differences between plaintiffs, Burke and Ramirez's argument lacks force. Burke is a named plaintiff in this case because she subscribed "to Hearst's *Good Housekeeping* and *Veranda* magazines while residing in, a citizen of, and physically present in California." Burke Compl. ¶ 8. Ramirez is a named plaintiff because she subscribed "to

Hearst's *Food Network* magazine while residing in, a citizen of, and physically present in Puerto Rico."  Anderson, a resident of Alabama, is a named plaintiff because "[f]or roughly fifteen years, Plaintiff Anderson has subscribed to *Cosmopolitan* magazine."  Anderson Compl. ¶ 14. Put differently, outside of the state in which they reside, Anderson, Burke, and Ramirez are identically situated.  Burke and Ramirez try to make much of this residency difference, arguing that this means they and Anderson will ultimately seek to certify separate classes.  Yet Burke and Ramirez fail to explain how this premise impacts the analysis.  Different classes or not, Burke, Ramirez, and Anderson will need to marshal the exact same facts to succeed; namely, that Hearst improperly rented and exchanged their names, images, likenesses, or other indicia of identity to data brokers and other third-parties.  By needing to rely on the same body of evidence, both cases possess substantial factual overlap.

## III.   There is a Risk of Conflicting Orders in the Cases

Burke and Ramirez first assert that "there is no risk of conflicting orders" because "[n]o substantive orders in *Burke* [or *Ramirez*] will have any bearing, much less preclusive effect, on any aspect of the … *Anderson* action" and, likewise, "[a]ny injunction entered in one of the two cases would plainly only apply to the plaintiff or classmembers in the other case".  Ltr. At 3. That is incorrect.

Burke and Ramirez impliedly, and erroneously, equate a conflicting order with an order having preclusive effect.  But as Chief Judge Covello of the District of Connecticut has reasoned in an analogous context:

> These claims were not asserted in the federal action and accordingly, they are not barred by the doctrine of *res judicata*.  However, given the multidistrict character of this litigation, and the intolerable conditions that could ensue from conflicting orders from different courts, including duplicative and inconsistent rulings on discovery disputes, the court invokes the 'necessary and in aid of jurisdiction' exception of the Anti-Injunction Act[.]

*Blue Cross of California v. SmithKline Beecham Clinical Laboratories, Inc.*, 108 F. Supp. 2d 130, 137 (D. Conn. 2000).  Like in *Blue Cross of California*, allowing these cases to proceed unrelated will lead to the "intolerable conditions that could ensue from conflicting order from different courts, including duplicative and inconsistent rulings on discovery".  *See id.*  Indeed, given the nearly identical facts, Burke, Ramirez and Anderson will likely seek to depose the same individuals to prove the same elements.  But beyond discovery, the substantive elements Burke, Ramirez, and Anderson must establish to succeed in their cases are virtually the same. *Compare* Cal. Civ. Code § 3344(a) (proscribing any person from "knowingly us[ing] another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise or goods") *with* Ala. Code § 6-5-772(a) (proscribing any person from "us[ing] or caus[ing] the use of the indicia of identity of a person, on or in products, goods, merchandise, or services"); *see also* Ala. Code § 6-5-771(1) (defining indica of identity as including "name, signature, photograph, image, likeness, voice"); *see also* 32 L.R.P. § 3151 (proscribing any person from "us[ing] another's likeness for commercial, trade, or advertising purposes without the previous

consent of said person"). If these cases are left unrelated, an order on the merits in one case has the likely potential to conflict with a subsequent order in the other case. And the same is true for injunctions. While entering an injunction in one case may not necessarily preclude an injunction being entered in the other, should that circumstance come to fruition, Hearst would be left with inconsistent and conflicting orders—the same sort of inconsistency Chief Judge Covello sought to avoid in *Blue Cross of California*.

## IV.    There Would Be Substantial Duplication of Effort and Expense, Delay or Undue Burden if the Cases Are Not Related

Without relatedness, Burke and Ramirez argue that the Court, the parties, and the witnesses would not face "significant duplication of effort" because "the claims and classes are different in these cases, and many of the transactions and events relevant to determining the applicability of, and liability under, the two statutes are different." Ltr. at 4. That is wrong.

Burke and Ramirez themselves do not seem to believe the argument they present, instead offering ways in which the parties *could* voluntarily avoid substantial duplication of effort, like "through informal coordination by the parties" and "through coordinating depositions of key witnesses to occur in both cases at the same location on the same day." Ltr. 4. Those offerings cannot escape the fact that Burke, Ramirez, and Anderson offer exactly the same factual predicate for their claims, and that, as a result, the effort expended on discovery will almost entirely overlap. *Compare* Burke Compl. ¶¶ 2-4, 18-23 *and* Ramirez Compl. ¶¶ 2-4, 17-22 *with* Anderson Compl. ¶¶ 1-6, 19-23. Accordingly, the fourth and final factor weighs in favor of a relatedness finding.

## V.    Plaintiff Anderson's Counsel Intends to Move for Appointment as Interim Class Counsel

Looking ahead, to date, Plaintiff Anderson's counsel has already been retained by individuals from California, Indiana, Ohio, Nevada, South Dakota, and Washington who seek to bring similar claims pursuant to their states' statutory rights of publicity. These statutes, along with Alabama's statute, broadly prohibit a person from using an individual's identity, persona, personality, or other indicia of identity "on or in products." Cal. Civ. Code § 3344(a) (proscribing any person from "knowingly us[ing] another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise or goods"); Ind. Code § 32-36-1-2 (defining commercial purpose as using "an aspect of a personality's right of publicity … [o]n or in connection with a product"); Ohio Code § 2741.01(B) (defining commercial purpose as "the use of or reference to an individual's persona … [o]n or in connection with a place, product … or other commercial activities"); Nev. Stat. § 597.770(1) (defining commercial use as "use of the name, voice … or likeness of a person on or in any product"); S.D. Laws § 21-64-1 (defining commercial purpose as "the use of an aspect of a personality's right of publicity in connection with a product"); Wash. Code §63.60.020(8) (prohibiting any person from "us[ing] or authoriz[ing] the use of a living or deceased individual's or personality's name, voice … or likeness, on or in goods, merchandise, or products"); Ala. Code § 6-5-772(a) (proscribing any person from "us[ing] or caus[ing] the use of the indicia of identity of a person, on or in products,

goods, merchandise, or services").  Plaintiff Anderson's counsel has also been contacted by individuals from other states and expects at least some of those individuals will retain their law firms in the near future.   Thus, Plaintiff Anderson intends to file an amended complaint as of right under Rule 15 to add these other clients as named plaintiffs and to add claims for violations of the right of publicity statutes of their respective states.  At that point, there will be no basis to contest relatedness as the claims will directly overlap.

Moreover, Plaintiff Anderson's counsel intends to file a motion for appointment of interim class counsel pursuant to Rule 23(g).  Accordingly, Plaintiff Anderson respectfully submits that the Court should deem the cases related and set a status conference to discuss next steps, including a briefing schedule for Plaintiff Anderson's Rule 23(g) motion.

Thank you for the Court's time and attention to this matter.

Very truly yours,

Philip L. Fraietta

CC:    All counsel of record (via ECF)